IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 5:25-CR-13-MTT** |
| | : | |
| v. | : | |
| | : | |
| **ALAN CHILDS** | : | |
| | : | |

### Restitution Brief

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and files this Restitution Brief outlining the Government's position on restitution. The Government will be prepared to present additional evidence and testimony at sentencing.

Restitution is mandatory for a defendant who has been convicted of an offense against property where a victim has suffered a pecuniary loss. 18 U.S.C. §§ 3663A(a)(1), (c)(1). Conspiracy to Commit Bank fraud is an offense against property. *See United States v. Collins*, 854 F.3d 1324, 1331 (11th Cir. 2017) (finding that an offense against property "includes situations where the defendant seeks to derive an unlawful benefit from another's property or otherwise deprive a person of his property."). Thus, the offense of conviction makes restitution mandatory in this case pursuant to section 3663A.

As noted above, even if the offense is one against property, there must also be a pecuniary loss to a victim before restitution is mandatory under section 3663A. The term "victim" means:

> a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2).

1

The victim in this case is Morris Bank, which, as a result of Defendant's scheme, loaned R.A. over $3,000,000.00. R.A. has been unable to make payment on these loans and as of January 16, 2025, still owed $3,357,073.21 to Morris Bank as a result of Defendant's scheme. Because the offense of conviction was an offense against property and the victim suffered a pecuniary loss, this is a mandatory restitution case under Title 18, United States Code, Section 3663A.

The Government must prove the amount of loss sustained by the victim of a crime by a preponderance of the evidence. 18 U.S.C. § 3664(e). Restitution shall be ordered "in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Determining a restitution amount is an inexact science. *United States v. Huff*, 609 F.3d 1240, 1248 (11th Cir. 2010). Thus, the Court should make a reasonable estimate, "resolving uncertainties with a view toward achieving fairness to the victim." *Id*. (internal quotation and citation omitted). This reasonable estimate should be based on facts in the record and not on mere speculation. *United States v. Baldwin*, 774 F.3d 711, 728 (11th Cir. 2014).

Where restitution is mandatory under section 3663A, the Court shall enter an order that requires the defendant:

> (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—
>   (A) return the property to the owner of the property or someone designated by the owner; or
>   (B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, **pay an amount equal to**—
>     (i)   the **greater of** –
>        (I)   the value of the property on the date of the damage, loss, or destruction; or
>        (II)  the value of the property on the date of sentencing, less
>     (ii)  the value (as of the date the property is returned) of any part of the property that is returned.

18 U.S.C. § 3663A(b) (emphasis added). Thus, the restitution award is the value of the property – in this case the money loaned to R.A.—on the date of sentencing[1], less the value of any property returned.

"A restitution award must be based on the amount of loss *actually* caused by the defendant's conduct." *Huff*, 609 F.3d at 1247 (internal quotation and citation omitted) (emphasis in original). In establishing the restitution amount, "the government must show not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal connection between the conduct and the loss is not too attenuated (either factually or temporally)." *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007) (quoting *United States v. Cutter*, 313 F.3d 1, 7 (1st Cir. 2002)).

Here, the starting point for the amount of loss *actually* caused by Defendant is the amount still due to the bank-- $3,357,073.21.[2] Defendant argues that restitution should only be based on loans issued after December 2021. Doc. 18 at 2. He seems to premise this on a theory that he believes the bank acquiesced to his crime until this date. The Government will present evidence to the contrary at sentencing. Defendant is liable for the full loss the bank suffered as a result of his actions in allowing R.A. to skirt around the bank's lending policies.

"A district court has discretion to apportion restitution jointly and severally among codefendants." *United States v. Scott*, 335 F. App'x 891, 894 (11th Cir. 2009). When a defendant plays a critical role in an offense, it is not error for the Court to hold them liable for the full amount of restitution. *See id.*; *United States v. Norman*, 638 F. App'x 934, 940 (11th Cir. 2016). In

---

[1] As part of the plea negotiations, the Government agreed in the Plea Agreement to look at the amount of loss calculated as of January 16, 2025. Doc. 11 at 6. Thus, though interest and other fees may have continued to increase the loss amount, the Government is seeking restitution in the amount of the value of the property on January 16, 2025.
[2] The Government notes that this is the amount of restitution agreed to by co-conspirator R.A. *United States v. Ronnie Atkinson*, 5:25-CR-15-MTT (Doc. 6).

*Norman*, the Government was only able to prove that $187,100.36 of the $506,352.36 in loss was attributable to the defendant's conduct. *Id*. However, the Eleventh Circuit noted that "the evidence sufficiently established that [the defendant's] activities were part of a larger-scheme, and that the whole scheme's losses were aided and abetted by or reasonably foreseeable to her," thus, it was not error to hold her jointly and severally liable for the full restitution amount. *Id*.

Here, had it not been for Defendant's manipulation of Morris Bank's policies, the bank would not have loaned R.A. more than $500,000.00. Defendant knew that R.A.'s loans had become substandard, meaning they displayed a well-defined weakness that could jeopardize collection. Doc. 11 at 13-14. Given the bank's policies and R.A.'s clearly established poor performance, Defendant knew that management would not authorize additional lending, so Defendant began having the straw borrowers obtain loans for R.A.'s benefit. Defendant played a critical role in the continued spiraling of debt incurred by R.A. and Morris Bank ultimately losing $3,357,073.21. He should therefore be ordered to pay that amount in restitution, jointly and severally with R.A.

Respectfully submitted, this 23rd day of July, 2025.

                                                WILLIAM R. KEYES
                                                UNITED STATES ATTORNEY

By:   */s/ Elizabeth S. Howard*
        ELIZABETH S. HOWARD
        Assistant United States Attorney
        Georgia Bar No. 628247
        United States Attorney's Office
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 752-3511
        E-mail:  elizabeth.s.howard@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Elizabeth S. Howard, Assistant United States Attorney, hereby certify that I electronically filed the within and foregoing ***Restitution Brief*** with the Clerk of the Court using the CM/ECF system which will send notification to the Court and all counsel of record.

This 23rd day of July, 2025.

        WILLIAM R. KEYES
        UNITED STATES ATTORNEY

By:   */s/ Elizabeth S. Howard*
       ELIZABETH S. HOWARD
       Assistant United States Attorney
       Georgia Bar No. 628247
       United States Attorney's Office
       Post Office Box 1702
       Macon, Georgia 31202-1702
       Telephone: (478) 752-3511
       E-mail:  elizabeth.s.howard@usdoj.gov